**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

    Plaintiff,                                        CASE NO. 3:12-cv-106-J-99TJC-TEM

vs.

SHOPPING CENTER DEVELOPERS
OF FLORIDA, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses (Doc. #9), filed April 26, 2012. In the motion, Plaintiff Norman Hoewischer through his counsel, Barbara Joyner, seeks entry of default judgment against Defendant Shopping Center Developers of Florida, Inc. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

On January 30, 2012, Plaintiff filed this action against Defendant, seeking injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") (Doc. #1). The Summons and Complaint were timely served on Defendant on February 16, 2012 (Doc. #6). Defendant failed to file a responsive pleading or otherwise appear in the instant case. On March 19, 2012, Plaintiff moved for entry of a clerk's

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

default against Defendant (Doc. #7).  Accordingly, the Clerk of Court entered a default against Defendant on March 20, 2012 (Doc. #8).  On April 26, 2012, Plaintiff filed the instant motion.

Plaintiff requests $14,152.50 for attorney's fees, based on an hourly rate of $425 per hour for 18.6 hours of work.  Plaintiff also requests $415 in costs, $2,044.90 in expert fees, and $750 for a re-inspection fee.  As an initial matter, the undersigned notes Plaintiff's math is inexplicable. Eighteen and six-tenths hours of work at $425 per hour equals $7,905. Accordingly, the undersigned has considered whether $7,905 constitutes a reasonable amount in attorney's fees.

A court generally follows a three-step process when determining the amount of attorney's fees to be awarded:

> First, a court asks if the plaintiff has 'prevailed' in the statutory sense. . . . Second, the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. . . . Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done.

*Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). In conducting this inquiry, a court is guided by twelve factors including: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974).[2]

The undersigned notes a virtually identical motion for default judgment (with virtually identical supporting time sheets) was filed on the same day by Ms. Joyner on behalf of Mr. Hoewischer in a virtually identical case. *See* Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses, *Hoewischer v. Mardini*, No. 3:12-cv-3-J-20JRK (M.D. Fla. Apr. 26, 2012), ECF No. 7. After a hearing on the matter, the Honorable Harvey E. Schlesinger entered an Order granting the motion in part. *Id.* at ECF No. 10. (A copy of Judge Schlesinger's Order is attached to this Report and Recommendation as Exhibit "A"). In *Mardini*, counsel requested $7,012.50 in attorney's fees based on an hourly rate of $420 per hour for 16.5 hours of work. Judge Schlesinger "carefully reviewed other cases and other filings" submitted by Ms. Joyner on behalf of Mr. Hoewischer in the Jacksonville Division of the Middle District of Florida. Judge Schlesinger noted two similar cases stood out, including the instant case and *Hoewischer v. F.F. Cowart, et al.*, No. 3:11-cv-365-J-34MCR (M.D. Fla. Apr. 15, 2011). Judge Schlesinger noted the complaint and motion for default judgment in his case was virtually identical to the complaint and motion for default judgment filed in the instant case. Judge Schlesinger also noted the attorney's invoices and expert's invoices in the two cases looked "remarkably similar." Although Judge Schlesinger found counsel's requested rate of $420 to be reasonable, counsel's use of "recycled and

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

boilerplate pleadings" caused him "to question the legitimacy of all of counsel's fees." Accordingly, Judge Schlesinger found the requested sum to be unreasonable and reduced Plaintiff's overall request by fifty percent to $3,506.25. Judge Schlesinger also found the amount of expert fees to be unreasonable and reduced the expert's requested rate from $185 to $100.

The undersigned finds the reasoning in *Mardini* to be highly persuasive with respect to the instant motion. Accordingly, the undersigned finds Plaintiff's hourly rate should be reduced to $420[3] and, for the reasons identified by Judge Schlesinger in *Mardini*, the amount of hours should be reduced by fifty percent to 9.3 hours.[4] *See also Fox v. Cohen Ventures, LLC*, No. 08- 81052-CIV, 2009 WL 1393348, at *4 (S.D. Fla. May 15, 2009) (reducing time in light of the volume of ADA cases litigated by plaintiff's counsel on behalf of the same plaintiff under very similar circumstances); *Corwin v. Walt Disney World Co.*,

---

[3] The undersigned notes counsel in similar ADA cases in the Jacksonville Division of the Middle District have recently been awarded rates of $300 per hour. *See Nat'l Alliance for Accessability, Inc. v. Hull Storey Retail Grp.*, No. 3:10-cv-778-J-34JBT, 2012 WL 3853520, at *4 (M.D. Fla. June 28, 2012), adopted at 2012 WL 3853455. However, given the similarity of this case with *Mardini*, the undersigned has followed Judge Schlesinger's determination as to the reasonableness of Ms. Joyner's hourly rate.

[4] The undersigned notes counsel claims she spent over three hours discussing the status of the case with Plaintiff and repeatedly obtaining "authorization to proceed;" over two hours researching the ownership of the establishment; and approximately forty-five minutes reviewing the Amended Standing Order, ADA Scheduling Order, the DES Track Two Order, and the Consent to Magistrate form. Counsel also allegedly spent over two hours with Plaintiff drafting and discussing the answers to Court interrogatories, even though the answers for most of these interrogatories are the same for Plaintiff in each of his cases. Additionally, counsel billed a total of 1.4 hours for "call[s] with expert" Tom Ricci, although Mr. Ricci only documented one hour for "conversations with attorney." In sum, the undersigned agrees with Judge Schlesinger that much of the time claimed by counsel for various tasks is suspect, given counsel's substantial experience in pursuing ADA cases with Mr. Hoewischer and Mr. Ricci.

No. 6:02-cv-1377-Orl-19KRS, 2008 WL 754697, at *26 (M.D. Fla. Mar. 18, 2008) ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."); *Iverson v. Braintree Prop. Assocs., L.P.*, No. 04cv12079-NG, 2008 WL 552652, at *3 (D. Mass. Feb. 26, 2008) (reducing requested fees by forty percent and stating, "Just as I credit [counsel's] substantial experience in litigating ADA cases in determining their hourly fee, I also consider that experience here: their obvious familiarity with similar cases suggests that they would 'be able to prosecute this fairly routine ADA case with a considerably lower expenditure of time than would a rookie'" (citation omitted)); *Disabled Patriots of America, Inc. v. Taylor Inn Enters., Inc.*, 424 F.Supp.2d 962, 967-69 (E.D. Mich. 2006) (reducing fees by forty percent where number of hours claimed was excessive because in such situations "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" (quoting *Kirsch v. Fleet St., Ltd.*,148 F.3d 149, 173 (2nd Cir. 1998)); *Access for the Disabled, Inc. v. Missouri Mart, Inc.*, No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *3 (M.D. Fla. Dec. 7, 2006) (reducing attorney's fees by fifty percent to account for repetitive and form intensive nature of ADA case); *Access 4 All, Inc. v. Grandview Hotel Ltd. P'ship*, No. CV04-4368, 2006 WL 566101, at *4 (E.D.N.Y. Mar. 3, 2006) (reducing billable rate in ADA litigation "due to the garden variety nature of this action and its lack of complexity" and noting plaintiff's attorneys spent unreasonable amount of time communicating with client who was also client in fifteen virtually identical Title III cases); *Brother v. Miami Hotel Invs., Ltd.*, 341 F.Supp.2d 1230, 1236 (S.D. Fla. 2004) (reducing fees where counsel drafted a "cookie-

cutter complaint virtually identical . . . to the numerous other complaints filed by these attorneys" and boilerplate pleadings).

The undersigned also finds the expert's rate should be reduced to $100 pursuant to Judge Schlesinger's Order in *Mardini*.  *See also Access for the Disabled,* 2006 WL 5432711, at *3 (finding $100 an hour to be a reasonable fee for an ADA expert).  Plaintiff requests $750 for a re-inspection fee.  However, the undersigned notes courts have generally found $350 to be a reasonable fee for re-inspection.  *See Nat'l Alliance for Accessability, Inc.*, 2012 WL 3853520, at *7; *Fox*, 2009 WL 1393348, at *7.  Given that the expert's fee was reduced to $100 per hour, the undersigned finds $350 to be a reasonable re-inspection fee.

Accordingly, the undersigned respectfully **RECOMMENDS**:

1. Plaintiff's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses (Doc. #9) be **GRANTED in part and DENIED in part**.

2. The Clerk be directed to enter Final Default Judgment in favor of Plaintiff Norman Hoewischer against Defendant Shopping Center Developers of Florida, Inc. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

3. Defendant be ordered to alter the subject facilities and make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

4. Plaintiff be awarded a total of $5,780.90 against Defendant, which is comprised of the following reasonable sums:

      a. $3,906 for attorney's fees;

   b. $415 in costs;

   c. $1,109.90 for expert fees; and

   d. $350 for a re-inspection fee.

**DONE AND ENTERED** at Jacksonville, Florida this 5th day of October, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record