# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

        Plaintiff,

vs.                                                    Case No.  3:12-cv-106-J-99TEM

SHOPPING CENTER DEVELOPERS
OF FLORIDA, INC.,

        Defendant.

_____

## ORDER

This case is before the Court on Plaintiff's Motion for Entry of Judgment After Default; Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses; Memorandum of Law (Doc. 9).  Upon review of this Motion, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 10), and made the following recommendations: (1) the Clerk be directed to enter Final Default Judgment in favor of Plaintiff against Defendant; (2) Defendant be ordered to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and (3) Plaintiff be awarded $5,780.90 against Defendants, comprised of $3,906 for attorney's fees, $415 in costs, $1,109.90 for expert fees, and $350 for a re-inspection fee.

Defendant objects only to the Magistrate Judge's finding that a reasonable hourly rate for Plaintiff's attorney, Ms. Barbara Joyner, is $420.00 per hour.[1]  (Doc. 12.)

---

[1] Ms. Joyner requested a rate of $425 per hour, which the Magistrate Judge reduced to $420.  The Magistrate Judge also reduced the number of hours by fifty percent, from 18.6 to 9.3; reduced her expert's rate from $185 to $100; and reduced the re-inspection fee from $750 to $350.

Defendant suggests that a reasonable rate in the Jacksonville market for Ms. Joyner is $250 per hour. (Id. at 1.) Ms. Joyner responded to Defendant's objections and maintains that $420.00 per hour is a reasonable rate given her experience with ADA cases and upon consideration of the twelve Johnson factors. (See Docs. 9 & 13.)

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotes omitted); Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 Fed App'x 198, 202 (11th Cir. 2012). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Barnes, 168 F.3d at 437. In determining the reasonableness of the hourly rate, the court may consider the twelve Johnson factors.[2] Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The court may also consider its own knowledge and experience in its determination of a reasonable fee. Norman, 836 F.2d at 1303. "The applicant bears

---

[2] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Id. at 1299.

Ms. Joyner cites several cases in which courts in civil rights and ADA cases found rates ranging from $350 to $430 per hour to be reasonable. Seven of those cases are from district courts in New York, one from a district court in Nevada, one from a district court in Texas, and one from the Ninth Circuit Court of Appeals.[3] (Doc. 9 at 4-5.) Ms. Joyner cites no case from Jacksonville or the Middle District of Florida. This is puzzling given that Ms. Joyner prevailed in this Court on a virtually identical motion for default judgment on behalf of Mr. Hoewischer and was awarded a fee based on a rate of $420 per hour. Hoewischer v. Mardini, No. 3:12-cv-3-J-20JRK (M.D. Fla. September 28, 2012) (Doc. 10). The Magistrate Judge was persuaded by the reasoning in Mardini given the similarity of the case to the instant one (one with a defaulted defendant) and found an hourly rate of $420 to be reasonable. Defendant has objected to that rate. The Court now makes an independent determination of a reasonable hourly rate for Ms. Joyner.[4] See 28 U.S.C. § 636(b) (The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

Ms. Joyner provides no affidavits and no evidence of the prevailing market value for her services. Nor does she provide the hourly rate she regularly charges clients. See

---

[3] Ms. Joyner also cites the case of Access 4 All v. Casa Marina Owner, 06-10055, S.D., and states that the defendant's attorney in that case charged $385. However, it is not clear whether this is a citation to a case from the Southern District of Florida, or elsewhere.

[4] Regardless of whether Defendant objected to the rate, the Court independently determines that neither the fee sought, $425 per hour, nor the recommended fee, $420 per hour, are reasonable in these circumstances.

3

Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'") (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)). Rather, Ms. Joyner relies heavily on her own analysis of the Johnson factors—each of which supposedly support the reasonableness of $420 per hour. Defendant, on the other hand, provided the declaration of experienced labor and employment attorney Eric Holshouser who opines that a reasonable hourly rate for Ms. Joyner in the Jacksonville market "ranges from $250.00 to $300.00 per hour."[5] (Declaration of Eric J. Holshouser, Doc. 12-3 at ¶ 10.) In addition, Defendant cites to a number of cases from the Middle District of Florida wherein courts made determinations regarding reasonable hourly rates in similar ADA cases, including cases involving Ms. Joyner. (Doc. 12 at 3-4.)

Courts in the Jacksonville Division have determined a reasonable rate in ADA cases for attorneys with comparable experience to, if not more than, Ms. Joyner, to be between $250 and $420. See, e.g., Nat'l Alliance for Accessibility, Inc. v. Hull Storey Retail Grp., Inc., No. 3:12-cv-778-J-34JBT, 2012 WL 3853520, at *3-4 (M.D. Fla. June 28, 2012), adopted at 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012) (finding $300 to be a reasonable rate); Hoewischer v. Khazraee, 3:11-cv-264-J-34MCR (M.D. Fla. Dec. 6, 2012) (Doc. 41), adopted at (Doc. 42) (M.D. Fla. Jan. 3, 2013) (finding $300 per hour to be reasonable); Hoewischer v. Mardini, No. 3:12-cv-3-J-20JRK (M.D. Fla. Sept. 28, 2012) (Doc. 10) (finding

---

[5] Ms. Joyner "strongly" objects to the Court's consideration of Mr. Holshouser's Declaration "for any purpose." (Doc. 13 at ¶¶ 25-29.) The Court disagrees. However, regardless of whether the Court takes Mr. Holshouser's Declaration into consideration, the undersigned would reach the same conclusion.

$420 per hour in an unopposed default judgment case to be reasonable); Hoewischer v. T.F. Cowart Trust, Case No. 3:11-cv-365-J-34MCR (Doc. 33) (recommending a rate of $300 per hour for lead attorney and $250 per hour for Ms. Joyner).

Based on Mr. Holshouser's affidavit and the undersigned's own knowledge and experience, the Court finds a rate of $250 per hour to be reasonable. The Court is aware that varying amounts have been awarded to Ms. Joyner and other attorneys in this type of case. However, Ms. Joyner has not submitted a affidavit to support her request, nor has she offered sufficient evidence or legal authority to support the conclusion that $420 per hour is reasonable. As discussed above, the hourly rate depends on a number of factors and considerations and the Court believes the appropriate rate for the attorney in this case is $250.[6]

Upon independent and de novo review of the file and for the reasons stated in the Magistrate Judge's Report and Recommendation, the Court adopts the legal and factual conclusions recommended by the Magistrate Judge in all respects except for the hourly fee rate for Ms. Joyner. The Court finds that $250 per hour is the appropriate rate.[7]

Accordingly, it is hereby

---

[6] The Court recently had the opportunity to personally observe the work of Ms. Joyner in another case and was thoroughly unimpressed. As stated on the record, she was completely unprepared for the hearing and lacked familiarity with her own previous submissions to the Court. In addition, she relied heavily on "boilerplate" pleadings which were obviously prepared for a different case. If the Court was judging Ms. Joyner's rate based on the work in her other case, it would be lower than $250. However, the Court is only considering Ms. Joyner's work in this case. The Court reserves the right to reevaluate her rate in the future in a given case.

[7] To the extent Ms. Joyner requests relief from the Court in her Response to Defendant's Objections by requesting attorney's fees and costs incurred in drafting the Response, the request is denied.

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 10) is **ADOPTED**, as modified by this Order, as the opinion of the Court.

2. Plaintiff's Motion for Entry of Judgment After Default; Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses; Memorandum of Law (Doc. 9) is **GRANTED in part** and **DENIED in part**.

3. Defendant is directed to alter the subject facilities and make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

4. Plaintiff is awarded a total of $4,199.90 against Defendant, which is comprised of the following reasonable sums:

   a. $2,325.00 for attorney's fees;

   b. $415.00 in costs;

   c. $1,109.90 for expert fees; and

   d. $350.00 for a re-inspection fee.

5. The Clerk of Court is directed to enter judgment in favor of Plaintiff Norman Hoewischer and against Defendant Shopping Centers Development, Inc. pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure as stated in paragraphs 3 and 4.

6. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 1st day of March, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sa.
Copies:

Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record